**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re MICHAEL STAPLETON ASSOCIATES, LTD. employment litigation | |
| THIS DOCUMENT RELATES TO: | MASTER FILE: 17-cv-05468 (AJN) |
| JOHN BARRETT, BILL BEAURY, JOSEPH BELCASTRO, PETER BROWN, MICHAEL GEIDEL, JOHN HANSEN, JOSEPH C. McWILLIAMS, JOSEPH NACARLO, RICHARD NARCISO, PATRICK O'CONNOR, JOSEPH TALLINI, THOMAS BROWN, PHILLIP BLACKMON, JUAN GOMEZ, ZAHIR MOHAMMED, and DAVID CERRUTI, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | |
| -against- | |
| MICHAEL STAPLETON ASSOCIATES, LTD., doing business as MSA SECURITY, and MICHAEL O'NEIL, GLEN KUCERA, GEORGE HARVEY, JESSICA A. JOHNSON-COPE, DAVID FERGUSON, JOHN McKEE, GILBERT "CHIP" BAIRD, PERELLA WEINBERG PARTNERS CAPITAL MANAGEMENT LP, doing business as PWP GROWTH EQUITY, and PERELLA WEINBERG PARTNERS LP, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PERELLA WEINBERG**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED**
**CONSOLIDATED COMPLAINT**

Date: New York, New York
June 1, 2018

Gary D. Friedman
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorney for the Perella Weinberg Defendants*

# <u>TABLE OF CONTENTS</u>

**Page**

I.     PRELIMINARY STATEMENT ................................................................................... 1

II.    BACKGROUND ....................................................................................................... 3

    A.     Procedural History ....................................................................................... 3

    B.     Plaintiffs' Vacant Amended Complaint as Against the Perella Weinberg
          Defendants ..................................................................................................... 5

III.   ARGUMENT ............................................................................................................ 6

    A.     The Perella Weinberg Defendants Should Be Dismissed Because They
          Were Joined After the Deadline to Add Additional Parties Had Expired ............. 7

    B.     Plaintiffs' Claims Against the Perella Weinberg Defendants Should be
          Dismissed Because Plaintiffs Have Utterly Failed to Plead that the Perella
          Weinberg Defendants Are "Employers" Under the FLSA or Applicable
          State Laws ..................................................................................................... 9

          1.     Plaintiffs failed to plead any facts sufficient to find the Perella
               Weinberg Defendants employers under the FLSA, NYLL or
               NYCRR .......................................................................................... 11

          2.     Plaintiffs fail to plead facts sufficient to plausibly infer that the
               Perella Weinberg Board Members are employers under the FLSA,
               NYLL or NYCRR .......................................................................... 16

          3.     Plaintiffs fail to plead any facts sufficient to state a claim under
               California Labor Code § 1194 that the Perella Weinberg
               Defendants are employers ...................................................................... 18

IV.    CONCLUSION .......................................................................................................... 21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
      556 U.S. 662 (2009) .......................................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly,*
      550 U.S. 544 (2007) ..............................................................................................1, 6, 10, 13

*Bravo v. Eastpoint Int'l, Inc.,*
      2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) ..................................................................14, 18

*Bravo v. Established Burger One, LLC,*
      2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ..................................................................... *passim*

*Brock v. Superior Care,*
      840 F.2d 1054 (2d Cir. 1988) ..............................................................................................12

*Carter v. Dutchess Cmty. Coll.,*
      735 F.2d 8 (2d Cir. 1984) ...............................................................................11, 12, 14, 16

*Citadel Equity Fund Ltd. v. Aquila, Inc.,*
      168 Fed. App'x. 474 (2d Cir. 2006) .......................................................................................3

*Crescent Towing & Salvage Co., Inc. v. M/V Chios Beauty,*
      2008 WL 5504701 (E.D. La. July 18, 2008) ........................................................................8

*Curry v. Equilon Enterprises, LLC,*
      231 Cal. Rptr. 3d 834 (Cal. App. Ct. 2018) .......................................................................19

*Daniel v. American Bd. Of Emergency Medicine,*
      802 F. Supp. 912 (W.D.N.Y. 1992) .......................................................................................6

*Dejesus v. HF Mgmt. Servs., LLC,*
      726 F.3d 85 (2d Cir. 2013) ............................................................................................1, 10

*Dejesus v. Sears, Roebuck & Co.,*
      87 F.3d 65 (2d Cir. 1996) ....................................................................................................21

*Dhar v. City of New York,*
      2015 WL 4509627 (E.D.N.Y. July 24, 2015) ....................................................................8, 9

*Diaz v. Consortium for Worker Educ., Inc.,*
      2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ...............................................................13, 15

*Evenfe v. Esalen Institute*,
　　2016 WL 3965167 (N.D. Cal. July 24, 2016)...........................................11, 18, 20

*Falso v. Town of Dansville Police Dep't*,
　　616 Fed. App'x 11 (2d Cir. 2015)....................................................1, 9, 10

*Garcia v. Village Red Restaurant Corp.*,
　　2017 WL 1906861 (S.D.N.Y. May 8, 2017) .........................................21

*Gerritsen v. Warner Bros. Entertainment Inc.*,
　　112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) .......................................21

*Gisomme v. Healthex Corp.*,
　　2014 WL 2041824 (E.D.N.Y. May 15, 2014) .....................................1, 13

*Herman v. RSR Sec. Serv. Ltd.*,
　　172 F.3d 132, 139 (2d Cir. 1999)....................................................12, 15

*Houghton v. Culver*,
　　467 Fed. App'x. 63 (2d Cir. 2012)....................................................7, 8, 9

*Irizarry v. Catsimatidis*,
　　722 F.3d 99 (2d Cir. 2013)............................................................11, 16, 17

*Jonas v. Estate of Leven*,
　　116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)........................................6, 7

*Koch v. Christie's Int'l PLC*,
　　785 F. Supp. 2d 105 (S.D.N.Y. 2011)...................................................3

*Lopez v. Acme American Environmental Co., Inc.*,
　　2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) .........................................11

*Martinez v. Combs*,
　　49 Cal. 4th 35 (2010) ..............................................................11, 18, 19, 20

*Miller v. Midpoint Resolution Grp., LLC*,
　　2009 WL 1748725 (E.D.N.Y. June 18, 2009) .........................................7

*Moss v. Wyeth, Inc.*,
　　872 F. Supp. 2d 154 (D. Conn. 2012)...................................................7, 8

*Nakahata v. New York–Presbyterian Healthcare System, Inc.*,
　　723 F.3d 192 (2d Cir. 2013)............................................................10

*New York State Court Clerks Ass'n v. Unified Court Sys. Of the State of New York*,
　　25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014)..........................................12, 14, 15, 16

i

*Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,
   2015 WL 5729969 (S.D.N.Y. Sept 30, 2015)...........................................................8

*Palm Beach Strategic Income, LP v. Salzman*,
   457 Fed. App'x. 40 (2d Cir. 2012)........................................................................9

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000)..................................................................................7

*Peng Bai v. Fu Xing Zhuo*,
   2014 WL 2645119 (E.D.N.Y. June 13, 2014) .........................................13, 14, 15

*Serrano v. I. Hardware Distributors, Inc.*,
   2015 WL 4528170 (S.D.N.Y. July 27, 2015) .......................................................15

*Shi Ming Chen v. Hunan Manor Enter., Inc.*,
   2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018)................................................*passim*

*Spicer v. Pier Sixty LLC*,
   269 F.R.D. 321 (S.D.N.Y. 2010) .........................................................................11

*Tracy v. NCR, Inc.*,
   667 F. Supp. 2d 244 (W.D.N.Y. 2009) .................................................................18

*Valencia v. North Star Gas Ltd. Co.*,
   291 F. Supp. 3d 1155, 1159-60 (N.D. Cal. 2018)................................................19

*Vasto v. Credico (USA) LLC*,
   2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)...................................................16, 17

*Wilson v. Pasquale's DaMarino's, Inc.*,
   2013 WL 1195603 (S.D.N.Y. Mar. 24, 2013) ...................................................7, 8

*Zheng v. Liberty Apparel Co.*,
   2002 WL 398663 (S.D.N.Y. Mar. 13, 2002) ........................................................11

*Zheng v. Liberty Apparel Co., Inc.*,
   355 F.3d 61 (2d Cir. 2003)...................................................................................12

**Other Authorities**

Fed. R. Civ. P. 16..........................................................................................................7

WEIL:\96563231\26\66673.0060

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Perella Weinberg Partners Capital Management LP, Perella Weinberg Partners LP (the "Perella Weinberg Entities"), David Ferguson, John McKee and Gilbert Baird (the "Perella Weinberg Board Members") (collectively, the "Perella Weinberg Defendants"), respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiffs' April 16, 2018 First Amended Consolidated Complaint ("Amended Complaint") with prejudice.

## I.    PRELIMINARY STATEMENT

Despite the surprise addition of the Perella Weinberg Defendants in Plaintiffs' April 16, 2018 amended pleading, Plaintiffs have alleged nothing to justify their inclusion in this case.  In fact, the Amended Complaint contains <u>literally</u> <u>no</u> <u>factual</u> <u>allegations</u> to support Plaintiffs' claims that the Perella Weinberg Defendants are "employers" under the Fair Labor Standards Act ("FLSA"), New York Labor Laws ("NYLL"), the New York Code of Rules and Regulations ("NYCRR") or the California Labor Code.  Indeed, the Amended Complaint falls woefully short of meeting even the most basic pleading standards set by the U.S. Supreme Court and applied by the Second Circuit, as it fails to lay out *any*—let alone all—of the necessary elements to state a claim to relief that is "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Falso v. Town of Dansville Police Dep't*, 616 Fed. App'x 11 (2d Cir. 2015); *Dejesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 88-89 (2d Cir. 2013); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) (Daniels, G.); *Gisomme v. Healthex Corp.*, 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014).  In short, the vacant allegations in the Amended Complaint regarding the Perella Weinberg Defendants leave one wondering: Did the Perella Weinberg Defendants do *anything*, let alone anything that could be actionable under the claims alleged?

The lack of any factual allegations regarding the conduct of the Perella Weinberg Defendants is not surprising given that none of the Perella Weinberg Entities nor Perella Weinberg Board Members participate in the management of co-defendant MSA, LTD ("MSA"), which is indisputably Plaintiffs' actual employer.  Presumably this is why Plaintiffs never sought to join the Perella Weinberg Defendants at the outset of the case or at any subsequent point in time; that is, until they decided—in the wake of mediation discussions—that they should protect themselves with "liability insurance" by seeking a deep pocket as a hedge against co-defendant MSA purportedly not being able to satisfy a judgment.  Notably, there is no allegation in the Amended Complaint that Plaintiffs have recently obtained discovery from MSA or any other information that leads them to believe that the Perella Weinberg Defendants are proper parties to the instant action.  Far from it.  Moreover, there is nothing on the Court's docket before April 2018 that would even suggest that *Plaintiffs believed* the Perella Weinberg Defendants were proper parties to this action.

Significantly, on October 30, 2017, this Court entered a case management order giving Plaintiffs until *November 29, 2017* to seek leave to add additional parties.  Plaintiffs were stone cold silent as to the mention of the Perella Weinberg Defendants in the case management submission.  Moreover, Plaintiffs failed to seek leave to add any additional parties by that deadline.  In fact, it was not until nearly 140 days *after the deadline had expired* that Plaintiffs added the Perella Weinberg Defendants in their Amended Complaint, and yet did not even attempt to seek leave of the Court in doing so.  Indeed, Plaintiffs said nary a word—either to the Court or to the Perella Weinberg Defendants—about joining the Perella Weinberg Defendants, but then launched headlong into joining them in the Amended Complaint.  Thus, Plaintiffs' Amended Complaint as it relates to the Perella Weinberg Defendants is a sham apparently

created for the purpose of extracting a settlement. Given the fatal pleading deficiencies, this Court should dismiss the Amended Complaint as to the Perella Weinberg Defendants.

## II.   BACKGROUND

### A.   Procedural History

Plaintiffs filed their initial complaint on July 18, 2017 (the "Original Complaint"), Dkt. No. 1,[1] against Michael Stapleton Associates, Ltd. ("MSA") and Michael O'Neill (collectively, the "MSA Defendants"). The Original Complaint contained no reference whatsoever to any of the Perella Weinberg Defendants. *See id.* Pursuant to the Court's direction, the parties filed a Joint Letter of Parties and Proposed Case Management Plan on October 20, 2017 – more than six (6) months prior to the filing of the Amended Complaint. *See* October 20, 2017 Joint Letter of Parties and Proposed Case Management Plan, Dkt. No. 26. Once again, Plaintiffs made no reference to any of the Perella Weinberg Defendants. *See id.* Between October 20, 2017 and January 23, 2018, the parties negotiated *three (3)* proposed case management orders: October 30, 2017, December 14, 2017, and January 23, 2018. *See* October 30, 2017, December 14, 2017 and January 23, 2018 Case Management Plan and Scheduling Orders, Dkt. Nos. 30, 42, 50. Yet again, Plaintiffs made no mention of the Perella Weinberg Defendants. *Id.*

Importantly, the October 30, 2017 Case Management Plan and Scheduling Order ("October 30 Order") specifically instructed that "additional parties *may not be joined except with leave of the Court*. Any motion to amend or to join additional parties shall be *filed within 30 days from the date of this Order*." *See* October 30 Order, Dkt. No. 30 at 2 (emphasis added). Plaintiffs did not seek leave or otherwise attempt to join any of the Perella Weinberg Defendants

---

[1] The Court may consider its own docket when deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Koch v. Christie's Int'l PLC*, 785 F. Supp. 2d 105, 112 (S.D.N.Y. 2011) (Jones, B.), *aff'd*, 699 F.3d 141 (2d Cir. 2012); *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 Fed. App'x. 474, 475 (2d Cir. 2006).

during that period.  Plaintiffs also did not seek leave to add the Perella Weinberg Defendants in connection with the January 23, 2018 case management order.  *See* January 23, 2018 Case Management Plan and Scheduling Order, Dkt. No. 50.  On January 23, 2018, Plaintiffs filed their Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification of Collective Action ("Motion for Collective Action Certification").  *See* Motion for Collective Action Certification, Dkt. No. 52.  Nowhere in that motion is there so much as a reference to any of the Perella Weinberg Defendants.  *Id.*

Prior to the January 23, 2018 case management order, the parties participated in a two-day mediation session.  *See* April 5, 2018 Letter for Advisory Opinion, Dkt. No. 61 at 1.  The Perella Weinberg Defendants did not participate in the mediation session nor were they asked to do so by Plaintiffs.  *See id.*

On April 6, 2018, Plaintiffs and MSA Defendants submitted a Stipulation to Conditional Certification of FLSA Collective Action and Certification of Class Action (the "Certification Stipulation"), where the MSA Defendants agreed to stipulate to conditional certification under the FLSA, 29 U.S.C. §§ 201, *et seq.* and class certification under Fed. R. Civ. P. 23.  *See* Certification Stipulation, Dkt. No. 62 at ¶¶ 1-2.  The stipulation, *inter alia*, outlined the process and procedure for notifying class members and gave Plaintiffs the opportunity to amend their complaint to include the description of the newly stipulated classes.  *Id.*  The stipulation did *not* permit the amendment of the complaint to add new parties.  *See id.* at ¶ 3.  This is not surprising because the time to seek leave to add additional parties had long since expired on November 29, 2017.  *See* October 30 Order, Dkt. No. 30 at 2.  Nevertheless, on April 16, 2018, without leave of court, Plaintiffs filed the Amended Complaint adding the Perella Weinberg Defendants, nearly 140 days after the November 29, 2017 deadline to add additional parties had expired.  The

Amended Complaint contains virtually nothing as to the Perella Weinberg Defendants generally and certainly no *factual* allegations regarding their purported involvement with Plaintiffs' employment.[2]

**B.   Plaintiffs' Vacant Amended Complaint as Against the Perella Weinberg Defendants**

The entirety of Plaintiffs' allegations regarding *any* of the Perella Weinberg Defendants encompasses approximately 60 words and is contained in four[3] parroted paragraphs.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11.  The only differences among these four paragraphs are that the Perella Weinberg Defendants' names are simply swapped out for one another and other minor, non-substantive differences to account for the fact that some of the defendants are individuals rather than entities.[4]  *Id*.  The only purportedly "substantive" allegation against the Perella Weinberg Defendants is as follows:

> [the Perella Weinberg Defendants] exercise[] substantial control over the operations of [MSA], authorize[] and implement[] the procedures and policies of MSA, and through the officers, directors and supervisors under [their] direct control and supervision, ha[ve] final authority and control over all of the employees of MSA.

*Id.*  That's it.  Nothing more than a single conclusory allegation.

---

[2] Shortly after the Amended Complaint was served, Perella Weinberg Defendants' counsel sent Plaintiffs' counsel substantive correspondence addressing the joinder issues and seeking to meet and confer on the subject in an attempt to convince Plaintiffs to drop the Perella Weinberg Defendants from this action.  Plaintiffs' counsel declined.

[3] Plaintiffs have alleged virtually nothing concerning Defendant Perella Weinberg Board Member Gilbert Baird.  Mr. Baird's name is referenced only in the case caption and in passing in paragraph 2.

[4] For example, the Amended Complaint alleges that the Perella Weinberg Entities are "one of the largest shareholders and have a controlling interest in MSA."  *See* Am. Compl., Dkt. No. 66 at ¶¶ 10-11.  However, MSA's "parent corporation is MSA Buyer, Inc." and *not* the Perella Weinberg Entities (in fact there are at least five corporate layers between MSA and the Perella Weinberg Entities).  *See* Rule 7.1 Statement of Defendant Michael Stapleton Associates, Ltd., Dkt. No. 18; MSA's April 19, 2018 Response to Plaintiffs' Letter for Advisory Opinion, Dkt. No. 71 at 2.

WEIL:\96563231\26\66673.0060

The remainder of the allegations in the Amended Complaint focus on the conduct of the MSA Defendants and the allegations pertaining to the alleged failure to pay wages and overtime. *See id.* In fact, *all* of the allegations specific to the Perella Weinberg Defendants appear in the "Parties, Jurisdiction and Venue" section of the Amended Complaint. *See id.* at ¶¶ 3-45. There is not a single specific reference to the alleged conduct of *any* Perella Weinberg Defendant anywhere in the "Factual Background," "Collective Action Allegations," or "Class Action Allegations" sections of the Amended Complaint, or in the claims sections. *Id.* at ¶¶ 46-162.

## III.   ARGUMENT

As an important threshold matter, the Amended Complaint should be dismissed in its entirety because Plaintiffs violated this Court's October 30 Order directing the parties to seek leave to add any additional parties no later than November 29, 2017. That deadline expired nearly 140 days *before* Plaintiffs filed the Amended Complaint on April 16, 2018 without seeking leave. *See* October 30 Order, Dkt. No. 30. The Court need go no further than this in granting the Perella Weinberg Defendants' motion. Even if, however, the Court were to ignore Plaintiffs' flagrant violation of the October 30 Order, the Amended Complaint should still be dismissed as it falls far short of the pleading standards set forth by the U.S. Supreme Court in *Twombly* and *Iqbal* as well as relevant Second Circuit authority.[5]

---

[5] In addition, the Amended Complaint also fails to properly plead that this Court has personal jurisdiction over Perella Weinberg Board Members John McKee and David Ferguson. In the Second Circuit, it is Plaintiffs' burden to "mak[e] a legally sufficient allegation[] of jurisdiction, including averment of facts that . . . establish jurisdiction over the defendant." *See Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) (Stein, S. J.). A court cannot exercise personal jurisdiction over individual directors of a corporation merely because the court has jurisdiction over the corporation. *See Daniel v. American Bd. Of Emergency Medicine*, 802 F. Supp. 912, 919 (W.D.N.Y. 1992). Neither Perella Weinberg Board Members John McKee nor David Ferguson are domiciled in New York. *See* Exs. 1, 2 to Declaration of Gary D. Friedman. There is nothing in the Amended Complaint that sufficiently alleges either defendant meets any of the requirements under N.Y. C.P.L.R. § 301 or § 302. The Amended Complaint merely makes conclusory allegations that each Perella Weinberg Board Member "exercises control"

**A.      The Perella Weinberg Defendants Should Be Dismissed Because They Were Joined After the Deadline to Add Additional Parties Had Expired**

The Court should dismiss the Amended Complaint because Plaintiffs completely ignored the Court's November 29, 2017 deadline to seek leave to add additional parties.  Disregard for a court's joinder deadline is no small matter because limiting the time for Plaintiffs to join additional parties plays an important role by providing "certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'"  *See* Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  Plaintiffs' complete disregard for the Court's deadline set forth in the October 30 Order should result in a waiver of their right to add the Perella Weinberg Defendants.  *See, e.g.*, *Wilson v. Pasquale's DaMarino's, Inc.*, 2013 WL 1195603, at *5 (S.D.N.Y. Mar. 24, 2013) (Gardephe, P.) (noting, when granting a motion to dismiss, that the "[c]ourts' inherent powers include the power to dismiss a party's claims and to strike a party's pleadings for failure to obey court orders" where the party, among other things, failed to produce documents and ignored multiple court orders); *Houghton v. Culver*, 467 Fed. App'x. 63, 65 (2d Cir. 2012) (upholding lower court's dismissal where a plaintiff failed to comply with pretrial orders); *Miller v. Midpoint Resolution Grp., LLC*, 2009 WL 1748725, at *2 (E.D.N.Y. June 18, 2009) (striking defendants' objections to plaintiffs' discovery requests where defendants failed to serve proper responses or produce documents pursuant to court scheduling deadlines); *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012) (denying motion for summary judgment where the motion was filed after the court deadline in the scheduling order);

---

over MSA.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-9; *Jonas*, 116 F. Supp. 3d at 328-29 (noting that it was not sufficient to establish personal jurisdiction for "plaintiffs [t]o allege – with no factual basis set forth – that [the defendants] 'used their power over [the corporation] to further their personal interests'").

WEIL:\96563231\26\66673.0060

*Crescent Towing & Salvage Co., Inc. v. M/V Chios Beauty*, 2008 WL 5504701, at *1, (E.D. La. July 18, 2008) (holding that plaintiffs waived objections to testimony when the motion to exclude was "almost one month after the Court imposed deadline").

Plaintiffs allowed the November 30, 2017 deadline to pass with not even a suggestion to the Court that they intended to add the Perella Weinberg Defendants to this action.  Plaintiffs' addition of the Perella Weinberg Defendants to the Amended Complaint on April 16, 2018 completely ignored this Court's October 30 Order.  Therefore, this Court should dismiss the Amended Complaint with prejudice.  *See*, *e.g.*, *Wilson*, 2013 WL 1195603, at *5; *Houghton*, 467 Fed. App'x. at 65; *Moss*, 872 F. Supp. 2d at 160.

Furthermore, courts have granted a motion to dismiss with prejudice where parties are improperly added to an amended complaint without expressly seeking leave – just as Plaintiffs have done in the Amended Complaint.  *See*, *e.g.*, *Dhar v. City of New York*, 2015 WL 4509627, at *2 (E.D.N.Y. July 24, 2015) (dismissing plaintiff's amended complaint with prejudice, noting plaintiff "flagrantly disregarded" the court's instruction by adding both new claims and a new defendant); *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 2015 WL 5729969, at *23 (S.D.N.Y. Sept 30, 2015) (Karas, K.) (dismissing with prejudice plaintiff's claims against four additional defendants named in an amended complaint "[b]ecause [p]laintiff did not seek, and the Court did not grant, leave to amend as to these [d]efendants").

It cannot be disputed that Plaintiffs failed to seek leave of Court—as required by the October 30 Order—prior to adding the Perella Weinberg Defendants to the Amended Complaint.[6]  In the October 30 Order, this Court gave the parties 30 days (*i.e.*, until November 29, 2017) to seek leave to add additional parties and stated that "additional parties may not be

---

[6] Plaintiffs' counsel did not even contact the Perella Weinberg Defendants to seek their consent to joinder in the case.

8

joined except with leave of the Court." *See* October 30 Order, Dkt. No. 30 at 2.  The Court's

unambiguous deadline came and went, and Plaintiffs did not seek leave to add any additional

parties.

Moreover, the Court's April 6, 2018 order entering the parties' Certification Stipulation

did not modify its previous deadline for seeking leave to add additional parties.  *See* April 6,

2018 Order, Dkt. No. 63.[7]  Thus, Plaintiffs exceeded the scope of the Court's April 6, 2018 order

entering the Certification Stipulation, and the Court should dismiss the Amended Complaint for

this reason alone.  *See*, *e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. App'x. 40,

43 (2d Cir. 2012) (citing cases) (noting that courts have "routinely dismissed claims in amended

complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an

amended complaint exceeding the scope of the permission granted"); *see also Houghton*, 467

Fed. App'x. at 65; *Dhar,* 2015 WL 4509627, at *2.  For the foregoing reasons, the Court should

dismiss the Amended Complaint with regard to the Perella Weinberg Defendants with prejudice.

**B.      Plaintiffs' Claims Against the Perella Weinberg Defendants Should be
Dismissed Because Plaintiffs Have Utterly Failed to Plead that the Perella
Weinberg Defendants Are "Employers" Under the FLSA or Applicable State
Laws**

It is well-settled that in order to survive a motion to dismiss under Fed. R. Civ. P.

12(b)(6) a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678; *Falso*, 616 Fed. App'x at 11-12.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

---

[7] Indeed, Plaintiffs had multiple additional opportunities to seek leave to add additional parties,
but failed to do so.  For example, there were two revised case management orders after the
October 30 Order when Plaintiffs could have sought additional time to add parties, but did not.
*See* December 14, 2017 and January 23, 2018 Case Management Plan and Scheduling Order,
Dkt. Nos. 42, 50.

(citing *Twombly*, 550 U.S. at 556).  Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible [but] the Court is not bound to accept as true a legal conclusion [masquerading] as a factual allegation."  *Iqbal*, 556 U.S. at 678; *Shi Ming Chen*, 2018 WL 1166626, at *8 n. 3 (plaintiffs allegation "that each Individual Defendant is 'an officer, director, manager, majority shareholder and/or owner'" of defendants is "far too conclusory and vague to satisfy *Twombly/Iqbal*").  Pleadings that offer labels and conclusions or formulaic recitation of elements of a cause of action cannot survive a motion to dismiss particularly when the complaint makes "'naked assertions' devoid of 'further factual enhancement.'"  *See*, *e.g.*, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Falso*, 616 Fed. App'x at 11-12 (noting in affirming dismissal of plaintiff's complaint that "[a]lthough all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'") (citing *Iqbal*, affirming district court's dismissal of plaintiff's complaint); *Dejesus, LLC*, 726 F.3d at 88-89 (dismissing complaint alleging unpaid overtime where complaint did not provide any "factual context or content" regarding the number of hours worked "beyond those plucked from the statute," noting plaintiff "at least was required to do more than repeat the language of the statute"); *Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (concluding that plaintiff's allegations lacked the specificity required because though they "raise[d] the possibility" of an overtime claim, "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week," they did not state a plausible claim for relief).

Here, Plaintiffs clearly have failed to meet the threshold pleading requirements by not pleading *any* specific facts regarding the Perella Weinberg Defendants' conduct.  The Second Circuit typically uses a non-exhaustive four-factor test to determine whether an entity is an "employer" under the FLSA, NYLL or NYCRR.  *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d

8, 12 (2d Cir. 1984).  In addition, to show that an individual is an "employer," the Second Circuit

considers two additional factors.  *See*, *e.g.*, *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-110 (2d

Cir. 2013).  With respect to Plaintiffs' allegations under the California Labor Code, California

courts have applied three alternative definitions of "to employ" to determine whether an entity or

an individual is an employer.  *See*, *e.g.*, *Martinez v. Combs*, 49 Cal. 4th 35, 64-73 (2010); *Evenfe*

*v. Esalen Institute*, 2016 WL 3965167, at *11 (N.D. Cal. July 24, 2016).  Plaintiffs' Amended

Complaint fails to allege *any* conduct sufficient to meet *any* of the foregoing tests, and should

therefore be dismissed with prejudice as to the Perella Weinberg Defendants.

      1.    <u>Plaintiffs failed to plead any facts sufficient to find the Perella Weinberg<br>Defendants employers under the FLSA, NYLL or NYCRR</u>

The Amended Complaint should be dismissed because Plaintiffs have utterly failed to

properly plead that the Perella Weinberg Defendants are proper defendants to this action.

Specifically, seven of the ten alleged counts—counts one, two, three, four, five, nine, and ten—

all hinge on the mere speculation that the Perella Weinberg Defendants were "employers" under

the FLSA, the NYLL, and the NYCRR.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 97-162.  A threshold

issue for liability under the FLSA, NYLL or NYCRR is that one defendant is an "employer"

under the law.  *Lopez v. Acme American Environmental Co., Inc.*, 2012 WL 6062501, at *3

(S.D.N.Y. Dec. 6, 2012) (Pauley, W.); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13

(S.D.N.Y. 2010) (Sand, L. B.); *Zheng v. Liberty Apparel Co.,* 2002 WL 398663, at *7 (S.D.N.Y.

Mar. 13, 2002) (Casey, D. J.).  The FLSA, NYLL and NYCRR use the same definition of

employer.  *See*, *e.g.*, *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *5 (S.D.N.Y.

Oct. 8, 2013) (McMahon, C.); *Zheng*, 2002 WL 398663 at *6-7.

The touchstone in determining employer status is whether the putative employer

possessed the power to "control the workers in question" looking at the economic realities

presented by the facts of each case.  *Herman v. RSR Sec. Serv. Ltd.,* 172 F.3d 132, 139 (2d Cir.

1999); *Bravo,* 2013 WL 5549495, at *6.  The Second Circuit typically considers four factors[8]

(the "*Carter* Test"), first recognized in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir.

1984), to determine whether an entity has exercised "formal control" over an employee, and thus

may be considered an "employer."  Those factors are whether the putative employer (1) had the

power to hire and fire the employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records.  *See*, *e.g.*, *Herman*, 172 F.3d at 139 (quoting *Carter*, 735 F.2d at 12).  The

economic reality test is designed to constrain the otherwise broadly applicable plain language of

the statutes, which taken literally would support liability against any agent with power over

employees.  *See New York State Court Clerks Ass'n v. Unified Court Sys. of the State of New

York*, 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014) (Sweet, J.) (internal citation omitted); *Diaz v.

Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *2 (S.D.N.Y. Sept. 28, 2010) (Preska,

L.) (internal citation omitted).

---

[8] The *Carter* Test is not exclusive in the Second Circuit.  In situations involving the question of whether an employee is an independent contractor or employee under the FLSA, the Second Circuit considers additional factors that are not relevant here.  *See Brock v. Superior Care*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).  Moreover, the Second Circuit has articulated a "functional control" test when an employer may not have formal control of an entity, but those factors are not relevant at bar, and regardless, Plaintiffs' allegations fail to properly plead the functional control test.  *See Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 71 (2d Cir. 2003) (noting the six functional control test factors are (1) whether the employer's premises and equipment were used for the plaintiffs' work; (2) whether the contractors the putative employer hired had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to the putative employer's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the putative employer or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the putative employer.

WEIL:\96563231\26\66673.0060

The Amended Complaint wholly fails to meet the pleading standards under *Twombly* and *Iqbal* as interpreted in the context of FLSA cases in the Second Circuit.  As courts in the Second Circuit have held when granting motions to dismiss claims that defendants were "employers" under the economic realities test, "mere boilerplate allegations that a [party] meets the various prongs of the economic reality test . . . without any supporting details" are insufficient, because such allegations fail to raise the plaintiffs' right to relief "above a speculative level."  *N.Y. State Court Clerks Ass'n*, 25 F. Supp. 3d. at 471 (internal citation omitted); *Bravo*, 2013 WL 5549495, at *7 (dismissing claims that alleged "no specific facts" regarding defendants' employer status, "aside from the elements of the 'economic reality test'"); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014) (holding that "allegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records" were "conclusory and inadequate to establish that [defendant] was an employer"); *Gisomme*, 2014 WL 2041824, at *4 (noting, in discussing the *Twombly* and *Iqbal* standard, that "[P]laintiffs' conclusory allegations of [defendant's] operational involvement and control of HealthEx and Courier and his alleged general power over various employment decisions are not sufficient to establish [his] status as plaintiffs' employer").

In fact, the Amended Complaint fails to plausibly allege *any* facts to support *any* of the four elements of the economic realities test, which must be plead satisfactorily to avoid dismissal.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11, 64-96.  To be clear, there are literally no allegations that the Perella Weinberg Entities or Perella Weinberg Board Members did *anything*. *See id*.  The most the Amended Complaint alleges is that the Perella Weinberg Defendants had some vague, amorphous, unexplained degree of "control" that purportedly gave them "final authority" over Plaintiffs' employment—even though there are no factual allegations that the

authority was ever used—but these allegations are not sufficient.  *See*, *e.g.*, *New York State Court Clerks Ass'n*, 25 F. Supp. 3d at 472 (dismissing complaint alleging state court judges were an employer—because they "created a climate" that allowed clerks to work overtime without pay—because the complaint failed "to identify anything [the judges] did or said"); *Bravo*, 2013 WL 5549495, at *7; *Peng Bai*, 2014 WL 2645119, at *4.  Indeed, such allegations fail to sufficiently allege *any* of the elements of the *Carter* Test.  *See*, *e.g.*, *New York State Court Clerks Ass'n*, 25 F. Supp. 3d at 471-72 (dismissing claim under the FLSA noting that plaintiffs did not "satisfy any of the four factors that comprise the 'economic reality test'" where the allegations made general references to a "collective[] authority . . . to set policies" but did not allege that the judges "*actually* set any policies") (emphasis added).

As further evidence of the conclusory nature of Plaintiffs' allegations, not only do Plaintiffs fail to plead sufficient factual allegations to meet the pleading standard, they do not even attempt to differentiate between or among the Perella Weinberg Entities and the Perella Weinberg Board Members as it relates to their alleged "employer" status.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11; *Shi Ming Chen*, 2018 WL 1166626, at *8-9 (granting a motion on the pleadings where plaintiffs allegations merely conclusorily recite the economic reality test factors and "attempt to lump all seventeen Defendants together into one allegation—without any accompanying facts") (citing *Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (Knapp, W.)).  Indeed, as noted above, the basic allegations for all of the Perella Weinberg Defendants are virtually identical.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11.  Without any factual enhancements to support these boilerplate conclusory allegations, the Amended Complaint does not rise above the merely speculative regarding the Perella Weinberg Defendants' status as Plaintiffs' employers.  *See*, *e.g.*, *Serrano v. I. Hardware Distributors, Inc.*,

2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (Crotty, P.) (dismissing complaint alleging

defendant was a joint employer under the FLSA, noting that conclusory allegations lacking

factual support that defendants "exercised control over the terms and conditions of []

employment . . . fail to raise Plaintiffs' right to relief above a speculative level"); *New York State

Court Clerks Ass'n*, 25 F. Supp. 3d at 472; *Bravo*, 2013 WL 5549495, at *7; *Peng Bai*, 2014 WL

2645119, at *4.

   Rather than provide any factual support for its theory, the Amended Complaint alleges

some undefined "control" and then asks this Court to infer on that basis that the Perella

Weinberg Defendants had the power to "control the workers in question." *See* Am. Compl., Dkt.

No. 66 at ¶¶ 8-11. Put simply, Plaintiffs have alleged no facts that the Perella Weinberg

Defendants engaged in any conduct that puts them in "control" of the Plaintiffs' working

conditions. Indeed, courts in this district have dismissed complaints alleging that a party was an

employer on the basis of far more detailed pleadings. Accordingly, this Court should dismiss

Plaintiffs' FLSA claims (counts one and nine), Plaintiffs' NYLL claims (counts two, three, four,

five, and ten), and Plaintiffs' NYCRR claim (count two) as against the Perella Weinberg

Defendants. *See*, *e.g.*, *Diaz*, 2010 WL 3910280 at *3-4 (dismissing complaint that alleged, *inter

alia*, the putative employer defendant "supervised and controlled . . . dispatch[ed], assign[ed]

and/or require[ed] [employees] to report to certain work locations . . . direct[ed] and instruct[ed]

[employer company] to adhere to certain . . . scripts [and] require[ed]. . . certain [employees]

have" specific qualifications); *see also Shi Ming Chen*, 2018 WL 1166626 at *8-9 (holding that

plaintiffs failed to sufficiently allege defendants established control over plaintiff employees

where complaint alleged individual defendants had the power to, *inter alia*, supervise, hire and

fire employees and determine the rate of pay, because "mere boilerplate recitation of the *Carter*

factors is plainly insufficient 'to raise plaintiffs' right to relief above a speculative level with respect to employer liability under the FLSA'") (internal citation omitted).

> 2. Plaintiffs fail to plead facts sufficient to plausibly infer that the Perella Weinberg Board Members are employers under the FLSA, NYLL or NYCRR

In addition to the four *Carter* factors, Plaintiffs' allegations similarly fail to properly plead the two other factors courts in the Second Circuit consider to find an individual an "employer" under the FLSA, NYLL or NYCRR:  (1) the scope of the individual's "operational control"; and (2) the individual's "potential power."  *See*, *e.g.*, *Irizarry*, 722 F.3d at 106-10.  As already discussed, the Amended Complaint wholly fails to properly plead allegations related to the first four factors (*see* disc. *supra* at Section B.1.).  Of course, this is not surprising given that the allegations against all of the Perella Weinberg Defendants are *identical*, which itself is telling as to the lack of any specific facts regarding the Perella Weinberg Defendants.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11.  The Amended Complaint likewise fails to plead the two additional factors regarding the Perella Weinberg Board Members.

"[T]he term 'employer' under the FLSA has been interpreted to include individuals with substantial control over the aspect of employment alleged to have been violated but not those who do not control the terms and conditions of employment."  *New York State Court Clerks Ass'n*, 25 F. Supp. 3d at 471 (internal citations omitted).  Merely serving in a high-level managerial role and being able to make decisions regarding the operation of a company is insufficient to meet the "operational control" test without some nexus between the individual's conduct and the plaintiff's employment.  *See Irizarry,* 722 F.3d at 106; *Vasto v. Credico (USA) LLC*, 2016 WL 4147241, at *6-8 (S.D.N.Y. Aug. 3, 2016) (Engelmayer, P.). As the Second Circuit held:

> [e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.   Instead, to be an 'employer,' an individual defendant must possess control over the company's actual 'operations' *in a manner that relates to a plaintiff's employment*.

*Irizarry,* 722 F.3d at 109 (emphasis added).  In analyzing the "potential power" factor, the Second Circuit has observed that "the manifestation of, or at least, a clear delineation of an individual's power over employees is an important and telling factor in the 'economic reality' test."  *Id.* at 111.  Moreover, the individual "must have at least some degree of involvement in the way the company interacts with employees to be an FLSA 'employer.'"  *Id.* at 107; *Vasto,* 2016 WL 4147241, at *5-8.

The Amended Complaint contains no factual allegations that the Perella Weinberg Board Members possessed control over MSA's actual operations in a manner that relates to Plaintiffs' employment nor that they had the power to do so.  In fact, the Amended Complaint hardly makes *any* allegations (and they are all conclusory) regarding Perella Weinberg Board Members John McKee and David Ferguson, and literally says nothing about Gilbert Baird other than to mention his name.  *See* Am. Compl., Dkt. No. 66 at ¶¶ 2, 8-9, 19-20.  It does not even allege that the three Perella Weinberg Board Members were "employees" of MSA, as they are not.  Instead, the Amended Complaint makes various references to generic "defendants" without any differentiation between the MSA Defendants, the Perella Weinberg Entities or the Perella Weinberg Board Members.  *See*, *e.g.*, *id.* at ¶¶ 46-96.

The only allegations regarding Perella Weinberg Board Members John McKee and David Ferguson are the same generic conclusions about "control over [] operations, authoriz[ation] and implement[ation] of procedures and policies [and] final authority and control over all of the employees."  *See* Am. Compl., Dkt. No. 66 at ¶¶ 8-9.  However, these allegations are directed at

*all* of the Perella Weinberg Defendants and the MSA Defendants, and would apply to a board member of any company.  *See, e.g., Tracy v. NCR, Inc.*, 667 F. Supp. 2d 244, 246-47 (W.D.N.Y. 2009) (dismissing complaint with prejudice because the complaint only alleged the putative individual employer "had the general authority to hire and/or fire . . . [and alleged] no facts concerning the extent of [the individual's] alleged involvement in [the company's] hiring and/or firing processes").  With respect to Gilbert Baird, there are no allegations whatsoever other than a passing reference to his name.  *See* Am. Compl., Dkt No. 66 at ¶ 2.  Having wholly failed to properly allege that the Perella Weinberg Board Members are Plaintiffs' employer, the Court should dismiss Plaintiffs' FLSA claims (counts one and nine), Plaintiffs' NYLL claims (counts two, three, four, five, and ten), and Plaintiffs' NYCRR claim (count two) as to all of the Perella Weinberg Board Members.  *See Shi Ming Chen*, 2018 WL 1166626, at *8-9 (finding "attempt to lump all seventeen Defendants together into one allegation—without any accompanying facts" insufficient to meet pleading standard) (citing *Bravo*, 2011 WL 314622, at *2).

       3.      <u>Plaintiffs fail to plead any facts sufficient to state a claim under California Labor Code § 1194 that the Perella Weinberg Defendants are employers</u>

      For similar reasons, counts six, seven and eight in the Amended Complaint should be dismissed because Plaintiffs have failed to plead facts sufficient to find under the California Labor Code § 1194 that Perella Weinberg Defendants are employers.  While similar to the economic realities test, the California Labor Code uses three alternative definitions of "to employ."  *See Martinez*, 49 Cal. 4th at 64-73; *Evenfe,* 2016 WL 3965167, at *11. In order to survive a motion to dismiss, Plaintiffs must plead facts to show that the Perella Weinberg Entities and Perella Weinberg Board Members either (1) exercised control over Plaintiffs wages, hours or working conditions; (2) suffered or permitted Plaintiffs to work; or (3) "engaged"

18

Plaintiffs in an employment relationship under the common law.[9]  *Martinez,* 49 Cal. 4th at 64.

Even viewing the allegations in the Amended Complaint in the light most favorable to Plaintiffs,

the allegations utterly fail to state any claim of an employer relationship under California Labor

Code.

      First, Plaintiffs have failed to allege facts to support that the Perella Weinberg Defendants

"exercised control over Plaintiffs wages, hours or working conditions[.]"  *See Martinez*, 49 Cal.

4th at 73.  Plaintiffs' Amended Complaint is an abject failure in this regard, because at best

Plaintiffs are left to rely on the same conclusory allegations that fail the economic realities test.

*See* Am. Compl., Dkt. No. 66 at ¶¶ 8-11 (noting the Perella Weinberg Defendants had some level

of generic "control" or "authority" over the "operations of MSA [and] the employees of MSA").

However, these conclusions, devoid of any factual support, fail to give rise to even a reasonable

inference that the Perella Weinberg Defendants "exercised control over [the Plaintiffs'] wages,

hours or working conditions[.]"  *See Valencia v. North Star Gas Ltd. Co.*, 291 F. Supp. 3d 1155,

1159-60 (N.D. Cal. 2018).  For example, the Amended Complaint lacks a <u>single</u> allegation that

any Perella Weinberg Defendant *actually* set Plaintiffs' wages, hours or working conditions.  *Id.*

(granting a motion to dismiss claims under the California Labor Code because the complaint

made conclusory allegations without support that defendant conducted "*actual salary*

---

[9] Under the common law, the test is directed at whether the employee is an independent contractor or employee, which is not relevant given that there is no dispute that Plaintiffs are employees of MSA.  *See*, *e.g.*, *Martinez*, 49 Cal. 4th at 64 (noting the third test under the California Labor Code is whether the putative employer "engaged" the employee and "[t]o engage has no apparent meaning . . . other than its plain, ordinary sense of 'to employ', that is, to create a common law employment relationship").  "The essence of the common law employment test [is] 'control of the details' – that is, whether the principal has the right to control the manner and means by which the worker accomplishes the work[.]"  *Curry v. Equilon Enterprises, LLC*, 231 Cal. Rptr. 3d 834, 845 (Cal. App. Ct. 2018).  Thus, Plaintiffs must properly plead that the Perella Weinberg Defendants were employers under the first two tests.

negotiations . . . or *set the wages at a certain number, or other facts* that the defendant delegated the *power and authority*" to do so) (emphasis added).

Second, in order to create a plausible claim that the Perella Weinberg Defendants are employers under the "suffer or permit" to work standard, Plaintiffs must plead facts that the Perella Weinberg Defendants "kn[ew] that [Plaintiffs were] working in [their] business . . . while being paid less than the minimum wage, [and] clearly suffer[ed] or permit[ed] that work by failing to prevent it, while having the power to do so." *Martinez*, 49 Cal. 4th at 69.  There are literally no facts alleged in the Amended Complaint to create a plausible claim that the Perella Weinberg Defendants "knew" that Plaintiffs were purportedly being paid less than minimum wage.  Thus, Plaintiffs cannot plausibly have properly pled that the Perella Weinberg Defendants were employers under this prong.  *See*, *e.g.*, *Evenfe*, 2016 WL 3965167, at *11 (dismissing wage and hour claims under the California Labor Code noting that "[t]here is no indication [in the complaint] that [the defendants] knew that Plaintiff was providing unpaid medical assistance").

Even assuming Plaintiffs had made such an allegation (they did not), the only plausible reference to their power to prevent such activity is the "naked assertion" that the defendants "exercised control" and had "final authority."  *See* Am. Compl., Dkt. No. 66 at ¶¶ 4, 6, 8-11.  Plaintiffs have failed to provide any factual support that the Perella Weinberg Defendants had any specific "power" to direct MSA's employment policies.  At best, the allegations are simply generic references to corporate decision making that even read in the light most favorable to Plaintiffs bare no relation to any "power" to prevent alleged minimum wage or overtime violations.  Therefore, the Amended Complaint fails to properly allege that the Perella Weinberg

Defendants are "employers" under the California Labor Code and the Court should dismiss counts six through eight.[10]

## IV.  CONCLUSION

For the above stated reasons, the Perella Weinberg Defendants respectfully request that the Court dismiss the Amended Complaint as to each of them with prejudice.

Dated:  New York, New York
       June 1, 2018

                    Respectfully submitted,

                   /s/ Gary D. Friedman
                   Gary D. Friedman
                   Attorney No.  2284594
                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   (212) 310-8000

                   *Attorney for Defendants David Ferguson; John McKee; Gilbert Baird; Perella Weinberg Partners Capital Management LP; and Perella Weinberg Partners LP.*

---

[10] Not only is the Amended Complaint completely void of facts sufficient to properly plead that the Perella Weinberg Defendants are "employers" under the law, there are also no allegations that the Perella Weinberg Defendants are proper defendants under a veil piercing theory.  This is not surprising given that not only are the Perella Weinberg Entities several corporate layers removed from MSA, but veil piercing law in the Second Circuit is well settled.  *See*, *e.g.*, *Dejesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69-70 (2d Cir. 1996); *Garcia v. Village Red Restaurant Corp.*, 2017 WL 1906861, at *7 (S.D.N.Y. May 8, 2017) (Francis IV, J., Mag.); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015).