UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

In re MICHAEL STAPLETON ASSOCIATES, LTD employment litigation

THIS DOCUMENT RELATES TO:

JOHN BARRETT, BILL BEAURY, JOSEPH BELCASTRO, PETER BROWN, MICHAEL GEIDEL, JOHN HANSEN, JOSEPH C. McWILLIAMS, JOSEPH NACARLO, RICHARD NARCISO, PATRICK O'CONNOR, JOSEPH TALLINI, THOMAS BROWN, PHILLIP BLACKMON, JUAN GOMEZ, ZAHIR MOHAMMED, and DAVID CERRUTI, on behalf of themselves and others similarly situated,

      Plaintiffs,

    -against-

MICHAEL STAPLETON ASSOCIATES, LTD., doing business as MSA SECURITY, MICHAEL O'NEIL, GLEN KUCERA, GEORGE HARVEY, JESSICA A. JOHNSON-COPE, DAVID FERGUSON, JOHN McKEE, GILBERT "CHIP" BAIRD, PERELLA WEINBERG PARTNERS CAPITAL MANAGEMENT LP, doing business as PWP GROWTH EQUITY, and PERELLA WEINBERG PARTNERS LP,

      Defendants.

Master File No. 1:17-cv-05468-AJN

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE PWP DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED COMPLAINT**

| | |
|---|---|
| *Of Counsel:* | Paul H. Aloe (PA-6088) |
| | Francis M. Curran (FC-1158) |
| David I. Aboulafia (DA-7886) | KUDMAN TRACHTEN ALOE LLP |
| 228 East 45th Street | Empire State Building |
| Suite 1700 | 350 Fifth Avenue, 68th Floor |
| New York, New York 10017 | New York, New York 10118 |
| (212) 684-1422 | Tel: (212) 868-1010 |
| | |
| | *Lead Counsel and Attorneys for John Barrett, Bill Beaury, Joseph Belcastro, Peter Brown, Michael Geidel, John Hannsen, Joseph C. McWilliams, Joseph Narcolo, Richard Narciso, Patrick O'Connor, and Joseph Tallini* |
| Douglas Weiner (DW 1965) | Robert W. Cowan (admitted *pro hac vice*) |
| Darren Shield (DS 1337) | Justin C. Jenson (admitted *pro hac vice*) |
| MAZZEO SONG, P.C. | BAILEY PEAVY BAILEY COWAN |
| 444 Madison Avenue, Fourth Floor | HECKAMAN PLLC |
| New York, New York 10022 | 5555 San Felipe St., Suite 900 |
| (212) 599-0700 | Houston, Texas 77056 |
| | (713) 425-7100 |
| *Attorneys for Thomas Brown* | |
| | *Attorneys for Phillip Blackmon, David Cerruti, Juan Gomez, and Zahir Mohammed* |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

PRELIMINARY STATEMENT .................................................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS....................................................... 2

ARGUMENT .................................................................................................................................. 7

    I.   Motion to Dismiss Standard ............................................................................................ 7

    II.  Plaintiffs' Properly Pled a Cause of Action Against the PWP Defendants.......................... 9

    III. The FAC Did Not Violate Any Court Order And Should Not Be Dismissed On Such
        Grounds .......................................................................................................................... 13

    IV. Leave to Replead........................................................................................................... 16

CONCLUSION............................................................................................................................. 17

# **TABLE OF AUTHORITIES**

**Cases**

*Ansoumana v. Gristede's Operating Corporation*, 255 F. Supp. 2d 184, 192-93 (S.D.N.Y. 2003) ............................................................................................................................................... 12

*Arista Records, LLC v. Doe 3*, 604 F. 3d 110, 119 (2d Cir. 2010) ................................................. 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 8

*Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998) ............................... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................ 8, 9

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 2008 WL 113672, at *2 (S.D.N.Y. Jan. 10, 2008) ........................................................................................................................................ 16

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1989) .............................................. 13

*Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)...................................... 11

*Castaneda v. Ensign Group, Inc.*, 229 Cal.App.4th 1015, 1019 (2014)....................................... 15

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ................................................................................ 9

*Dhar v. City of New York*, 2015 WL 4509627 (E.D.N.Y. July 24, 2015) ................................... 18

*Diaz v. Consortium for Worker Education., Inc.*, 2010 WL 3910280, *3 (S.D.N.Y. Sept. 28, 2010) ........................................................................................................................................ 13

*Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006) .................................................................. 9

*Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).............................................................. 9

*Guerrero v. Superior Court* 213 Cal.App.4th 912, 950 (2013) .................................................... 15

*Hall v. DIRECTV, LLC*, 846 F.3d 757. 765 (4th Cir. 2017) .......................................................... 8

*Herman v. RSR Security Services*, 172 F.3d 132, 139 (2d Cir.1999) ......................... 10, 12, 14, 15

*Houghton v. Culver,* 467 Fed. App'x. 63 (2d Cir. 2012) .............................................................. 17

*Hunt v. Alliance North American Government Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir.1998) ................................................................................................................................... 20

*Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) ...................................................... 10, 11

*Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) ................................................................... 9

*Jeong Woo Kim v. 511 E. 5th St., LLC*, 133 F.Supp.3d 654, 665 (S.D.N.Y. 2015) ..................... 10

*LaFaro v. N.Y. Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)......................... 8

*Martinez v. Combs*, 231 P.3d 259, 278 (Cal. 2010)..................................................................... 15

*Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) ................................................................................................................................................... 20

*New York State Court Clerks Association v. Unified Court System of the State of New York,* 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014) ....................................................................................... 14

*Ong v. Park Manor (Middletown Park) Rehabilitation & Healthcare Center*, 2015 WL 5729969 (S.D.N.Y. Sept 30, 2015) .................................................................................................. 18

*Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. App'x. 40 (2d Cir. 2012) ...................... 19

*Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) ........................................ 17

*Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 651-52 (2d Cir. 1995) ............................................. 1

*Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y.1980) ............................................................. 16

*Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 296 (1985) ................... 10

*Wang v. LW Restaurant Inc.*, 81 F.Supp.3d 241, 253 (E.D.N.Y. 2015 .......................................... 11

*Wilson v. Pasquale's DaMarino's, Inc.*, 2013 WL 1195603 (S.D.N.Y. Mar. 24, 2013) .............. 17

*Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015) ........................................................ 8

*Xue Lian Lin v. Comprehensive Health Management.*, 2009 WL 2223063, *2 (S.D.N.Y. July 23, 2009) .............................................................................................................................. 14

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 75-76 (2d Cir. 2003) ................................................ 11

**Statutes**

29 U.S.C. § 203(d) ........................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 6

Fed. R. Civ. P. 15(a) ...................................................................................................................... 13

Fed. R. Civ. P. 16(f) ...................................................................................................................... 12

Fed. R. Civ. P. 23 ............................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiffs, by their attorneys KUDMAN TRACHTEN ALOE LLP, BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC, and MAZZEO SONG, P.C., respectfully submit this Memorandum of Law in Opposition to defendants' David Ferguson, John McKee, Gilbert "Chip" Baird,[1] Perella Weinberg Partners Capital Management LP d/b/a PWP Growth Equity ("PWP"), and Perella Weinberg Partners LP (collectively the "PWP Defendants") Motion to Dismiss the First Amended Consolidated Complaint ("FAC").

The First Consolidated Complaint is the consolidation of three separate actions filed by Explosive Detection Canine Handlers ("EDC Handlers") who have been systematically underpaid in violation of the Fair Labor Standards Act of 1938 ("FLSA"), the New York Labor Law ("NYLL"), and other state laws. The EDC Handlers, as part of their employment, are required to engage in systematic training of their canines and care for the canines while they were off the clock. Although the law is clear that the handlers were required to be paid for the time training and caring for the canines,[2] defendants consistently failed to pay the EDC Handlers. To this day, defendants require the Handlers to perform what is clearly work in training and caring for defendants' canines, and defendants refuse to pay for the work it requires the EDC Handlers to perform.

Now the PWP Defendants move to dismiss the FAC against them for failure to state a claim. But as demonstrated herein, the FAC plausibly alleges that the PWP Defendants are "employers" within the meaning of the FLSA and New York Labor Law and stand responsible for

---

[1] Due to a scrivener's error, the paragraph in the FAC containing factual allegations supporting the assertion that Mr. Baird is an "employer" was inadvertently deleted prior to filing. Plaintiffs seek leave to correct this omission *nunc pro tunc*.

[2] The obligation to pay the EDC Handlers for time spent training and otherwise taking care of MSA's canines is clear and has been for over 20 years. *See Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 651-52 (2d Cir. 1995).

1

the unlawful employment practices and wage theft that they themselves have mandated and continue to this date. PWP is a hedge fund that acquired complete ownership of MSA in a 2015 leveraged buyout. The other PWP Defendants are principals of PWP who have installed themselves on MSA's board of directors and have complete control of its employment practices and policies. To make matters worse, since the PWP Defendants have, to complete their purchase, loaded MSA with debt, it now appears and has been asserted that MSA could never pay the ultimate judgment for the monies that would be owed to EDC Handlers for the stolen wages and overtime. Their motion to dismiss is obviously without merit and should be denied.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

The first of the constituent actions was *Blackmon, et al. v. Michael Stapleton Associates, Ltd. et al.*, Case No. 3:17-CV-01362-B. That action was filed by an EDC Handler in the United States District Court for the Northern District of Texas. The complaint there alleged that MSA's failure to compensate EDC Handlers for the time they spent training and caring for defendants' canines violates the FLSA. This complaint was subsequently amended to include additional plaintiffs and a defendant as well as additional claims under New York and California state law.

The second action was *Barrett, et al. v. Michael Stapleton Associates, Ltd. et al.*, Case No. 1:17-cv-05468 (S.D.N.Y.), filed by ten handlers in the Southern District of New York, which is MSA's principle place of business and the location where most of the EDC Handlers are employed. The complaint therein alleged that MSA's failure to compensate EDC Handlers for the time they spent training and caring for defendants' canines violates the FLSA and NYLL. It also asserted claims under the NYLL for the defendants' failure to reimburse expenses and their failure to furnish accurate wage statements

The third action was *Brown, et al. v. Michael Stapleton Associates, Ltd., et al.*, Case No. 1:17-cv-7158 (S.D.N.Y.). The complaint therein alleged that MSA's failure to compensate EDC

Handlers for the time they spent training and caring for defendants' canines violates the FLSA and NYLL. It also asserted claims under the NYLL for the defendants' failure to reimburse expenses and their failure to furnish accurate wage statements. Finally, it asserted claims under federal, state, and local prevailing wage standards.

On August 17, 2017, the MSA Defendants filed a motion with the United States Judicial Panel on Multidistrict Litigation seeking an order transferring the Blackmon action from Texas to New York for consolidated or coordinated pretrial proceedings. *See* Dkt. No. 1, MDL Case No. 2799. The *Blackmon* plaintiffs and the *Barrett* plaintiffs each submitted responses to the MSA Defendants' motion, and the MDL Panel heard oral argument on the motion on November 30, 2017. The MDL Panel entered an order denying the motion to transfer on December 5, 2017. *See* Dkt. No. 22, MDL Case No. 2799.

Meanwhile, the parties in the Barrett action informed the Court at the initial pretrial conference held on October 27, 2017 that they had agreed to mediation with a private mediator. The Barrett and Blackmon plaintiffs and the MSA Defendants held a two-day mediation on January 10-11, 2018 with Vivien Shelanski through JAMS. Additionally, on March 5, 2018, this Court entered an order referring the action to United States Magistrate Judge Gabriel W. Gorenstein for settlement. These efforts continued until April 2, 2018. As noted in plaintiffs' April 5, 2018 status report to Judge Gorenstein, the parties were unable to settle because "the [MSA] defendants have advised us that they cannot pay the full amount due because of financial constraints" and yet they refused to provide "documents relating to the ability of the [MSA] defendants and other potentially responsible parties to pay for the unpaid wages and overtime." *See* Letter to Magistrate Judge Gorenstein re status of scheduling settlement conference (Dkt. No. 60, p. 2).

Following the mediation, the Blackmon Action was transferred to the Southern District. Given the failure the mediation, and the three separate actions, and that counsel in Barrett, Blackmon and Barrett all advised the MDL Panel that they would work cooperatively to avoid duplication, the parties discussed consolidation of the three actions in the Southern District and a single consolidated complaint. On March 1, 2018, plaintiffs and the MSA Defendants submitted a Stipulation to Conditional Certification of FLSA Collective Action and Certification of Class Action, which included a proposed Order granting conditional certification under the FLSA and class certification under Fed. R. Civ. P. 23 and authorizing the filing of an amended complaint within ten days of entry of the proposed Order. The Court so-ordered the stipulation on April 6, 2018.

As directed in the so-ordered stipulation, counsel in the three actions jointly filed the FAC on April 16, 2018.

The FAC names the PWP Defendants as being liable as employers of the plaintiffs based upon information learned after filing of the initial complaint in July 2017. Counsel for the MSA Defendants, in response to inquiries regarding the identity of MSA's shareholders, stated that "a Delaware corporation, MSAS Buyer, Inc. (USA) ("MSAS Buyer") owns 100% of the shares of Michael Stapleton Associates, Ltd. ("MSA"). MSA is also incorporated in Delaware. PWP,[3] a limited liability company formed in Delaware, is further remote and up the corporate chain from MSAS Buyer." In short, PWP was identified as MSA's ultimate owner and sole shareholder.

Considering this information, it is clear that MSAS Buyer is simply a corporate shell, set up by PWP to make a leveraged buyout of MSA in 2015, and designed to insulate the real owner

---

[3] This was understood to be a reference to PWP Growth Equity, which according to public records is a multi-billion-dollar hedge fund.

– PWP – of MSA from liability for their deliberate decision to continue MSA's knowingly illegal wage policies and practices in order to reap years of excess profits generated by these unlawful actions. In fact, <u>to this day</u>, under the total ownership of PWP and the control of the PWP Defendants, MSA continues to profit from its systematic and ongoing refusal to pay the plaintiffs for the time they work in training and caring for MSA's dogs.

Counsel for the PWP Defendants accepted service of the FAC and requested the consent of plaintiffs to enlarge the time to respond to it. Plaintiffs' consented to this request and agreed to an extension of time to June 1, 2018.[4] On June 1, 2018, the PWP Defendants filed their Motion to Dismiss.[5]

The FAC alleges that the plaintiff class and collective members are all current or former hourly EDC Handlers compensated at a regular rate of between approximately $26 and $36 an hour during the relevant time periods. The FAC seeks relief from all defendants in this action under various provisions of the FLSA, NYLL, and the California Labor Code, including those relating to unpaid wages and overtime.

As alleged in the FAC, defendant MSA states that it has "a highly-successful Explosive Detection Canine (EDC) program" that is "rooted in an unmatched training philosophy and truly unique-to-the-industry focus on the development of single-purpose, single-handler teams that are

---

[4] The PWP Defendants falsely stated that plaintiffs declined to meet and confer regarding possible dismissal of the PWP Defendants. See PWP Defendants' Memorandum of Law at p. 5, n. 2. In fact, the plaintiffs agreed to a telephonic meet and confer, and after a lengthy discussion, did not agree to dismiss the PWP Defendants. Counsel for the plaintiffs take their professional obligations seriously. In fact, counsel plaintiffs agreed after a meet and confer with counsel for the MSA Defendants to dismiss another member of MSA's board named as a defendant in the FAC.

[5] Even though the Notice of Motion seeks dismissal only under Fed. R. Civ. Pro. 12(b)(6), and not Fed. R. Civ. Pro. 12(b)(2), the PWP Defendants claim that the FAC does not properly plead personal jurisdiction over Messrs. McKee and Ferguson. See Dkt. No. 85, n. 5. They have waived this argument by not moving to dismiss for lack of personal jurisdiction. Even if they had filed such a motion, because the FAC alleges that defendants' principal places of business are within New York, and the claims hereunder arise out of defendants' transaction of business in New York, jurisdiction is proper under CPLR §§ 301 and 302.