UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 17 2018
```

In re MICHAEL STAPLETON ASSOCIATES LTD.

MASTER FILE: 17-cv-5468 (AJN)

MEMORANDUM OPINION & ORDER

THIS DOCUMENT RELATES TO:
*John Barrett et al. v. Michael Stapleton Associates, Ltd., et al.* 17-cv-5468

ALISON J. NATHAN, District Judge:

On April 16, 2018, Plaintiffs filed a first amended consolidated complaint in this case. Dkt. No. 66, First Amended Consolidated Complaint ("FACC"). On June 1, 2018, Defendants Perella Weinberg Partners Capital Management LP, Perella Weinberg Partners LP, David Ferguson, John McKee, and Gilbert Baird (collectively, the "PWP Defendants") moved to dismiss. Dkt. No. 84. On June 15, 2018, Plaintiffs filed an opposition to PWP Defendants' motion. Dkt. No. 94, Plaintiffs' Brief in Opposition to the Motion to Dismiss ("Pl. Br."). And on June 22, 2018, PWP Defendants filed a reply memorandum in support of their motion. Dkt. No. 103. For the following reasons, PWP Defendants' motion is granted.

I. **Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in plaintiffs' favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the amended consolidated complaint.

1

Plaintiffs filed an amended complaint from three consolidated actions. FACC ¶ 1. Plaintiffs, bomb-sniffing dog handlers, allege that Defendants violated federal and state labor laws, including the Fair Labor and Standards Act ("FLSA"), New York Labor Laws ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), and the California Labor Code, by failing to pay sufficient overtime wages, and other wages and fringe benefits owed to Plaintiffs. FACC ¶¶ 2, 24. Defendant Michael Stapleton Associates, Ltd. doing business as MSA Security ("MSA"), is a security firm that specializes in canine services, such as bomb-sniffing dogs. FACC ¶ 12. Plaintiffs bring their claims as a collective action. FACC ¶ 46. Plaintiffs filed their initial complaint in this case on July 18, 2017, naming MSA, and Michael O'Neil, the CEO of MSA, as the defendants. *See* Dkt. No 1. In the amended consolidated complaint, Plaintiffs added the PWP Defendants, among others, as defendants in the case. *See generally* FACC.

Plaintiffs make several allegations regarding the PWP defendants. They allege that Defendant Ferguson "is a member of the Board of Directors of MSA," and that he "exercises substantial control over the operations of MSA, authorizes and implements the procedures and policies of MSA and…has authority and control over the terms and conditions of employment of the bomb- sniffing dog handlers of MSA." FACC ¶ 8. Plaintiffs also claim that Defendant McKee is also a member of the Board of Directors of MSA and that he exercises the same control as Ferguson. *See* FACC ¶ 9.

Defendants Perella Weinberg Partners Capital Management LP, and Perella Weinberg Partners LP, each is "one of the largest shareholders and has a controlling interest in MSA." FACC ¶¶ 10-11. Further, Perella Weinberg Partners Capital Management LP, and Perella Weinberg Partners LP exercise "substantial control over the operations of MSA, authorize[] and implement[] the procedures and policies of MSA, and…[have] final authority and control over

all of the employees of MSA." FACC ¶¶ 10-11. The amended consolidated complaint alleges that Ferguson, McKee, Perella Weinberg Partners Capital Management LP, and Perella Weinberg Partners LP, are all " 'employer[s]' under the FLSA and under the labor laws of all states in which MSA provides services to its clients, including but not limited to the States of California and New York." FACC ¶¶ 19-22. Defendant Baird is mentioned in the case caption, and is listed in the introduction, see FACC ¶ 2, but otherwise is not named specifically in any of the allegations.

After Plaintiffs filed the amended consolidated complaint, the PWP Defendants moved to dismiss the claims against them, arguing they were joined after the deadline to add additional parties, or, in the alternative, that Plaintiffs have failed to plead that PWP Defendants are "employers" under the FLSA or applicable state laws, and therefore the counts against them should be dismissed. *See* Dkt. No. 85, Defendants' Brief in Support of its Motion to Dismiss ("Def. Br."). This memorandum opinion addresses whether Plaintiffs have sufficiently alleged that PWP Defendants are "employers."

## II. Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Therefore, "pleadings that contain no more than conclusions are not entitled to the assumption of truth otherwise applicable." *Dejesus v. HF Mgmt. Servs., LLC*,

3

726 F.3d 85, 87-88 (2d Cir. 2013) (citations omitted). In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint," and any exhibits attached. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## III. Plaintiffs' Claims

### A. FLSA, NYLL, and NYCRR Claims

The issue in this case is whether PWP defendants are "employers" under the applicable labor laws. To be held liable under the FLSA, NYLL, or NYCRR an entity or an individual must be an "employer." *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The FLSA statute defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Because of that broad definition, courts have since clarified that the "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (citations omitted).

Therefore, to determine whether an entity is an "employer" under the FLSA, NYLL, or NYCRR, the Second Circuit uses a four factor test to observe the "economic reality,"[1]: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Additionally, when assessing whether an individual is an "employer," courts look at the scope of the individual's "operational control" over the company, including "involvement in

---

[1] Plaintiffs and PWP Defendants both note that the Second Circuit has sometimes looked at other factors beyond the "economic reality" test to analyze "employer" status. *See* Def. Br. at n.8; Pl. Br. at 10. Because the amended consolidated complaint lacks any factual allegations sufficient to plausibly state that PWP Defendants are "employers," the Court does not need to address the other factors in detail.

4

a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

Here, Plaintiffs have failed to sufficiently allege that PWP Defendants are "employers" under the FLSA, NYLL, or NYCRR. Plaintiffs have merely stated conclusory language about PWP Defendants' involvement with MSA. *See* FACC ¶¶ 8-11, 64-92. Plaintiffs uses the same conclusory language about each individual PWP Defendant—that they each exercise "substantial control over the operations of MSA" and have "final authority and control over all of the employees of MSA." FACC ¶¶ 8-11. "Mere boilerplate allegations that an individual meets the various prongs of the economic reality test...are insufficient" to establish that an entity is an "employer." *New York State Court Clerks Ass'n v. Unified Court Sys. of the State of New York*, 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014) (internal citations omitted). Plaintiffs provide no factual assertions that address any of the four factors of the economic reality test. *See Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015). Plaintiffs only allege, in a conclusory fashion, that PWP Defendants assert a degree of supervisory control over MSA practices. *See* FACC ¶¶ 8-11. Plaintiffs also provide no factual information to satisfy the factors for assessing whether an individual is an "employer." This is insufficient to survive a motion to dismiss. *See Serrano*, 2015 WL 4528170, at *3; *New York State Court Clerks Ass'n*, 25 F. Supp. 3d at 471; *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013); *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010).

Plaintiffs argue that they must only allege that PWP Defendants "possessed the power to control the workers in question." Pl. Br. at 12 (quoting *Xue Lian Lin v. Comprehensive Health*

5

*Mgmt., Inc.*, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009)). That is incorrect. In *Xue Lin*, the complaint was dismissed because it did not "allege any facts regarding" the defendants' ability to control hours, wages, or other conditions of employment. *Id.* The allegations only included conclusory language. *Id.* That is the same case here.

Accordingly, because Plaintiffs have not sufficiently alleged that PWP Defendants are "employers" under the FLSA, NYLL, or NYCRR, PWP Defendant's motion to dismiss counts one, two, three, four, five, nine, and ten is granted.

### B. California Labor Code Claims

In order to allege a claim, Plaintiffs must sufficiently plead under California Labor Code § 1194 that PWP Defendants are "employers." Under California law, there are three alternative ways to define "to employ," meaning one is an "employer": "(a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." *Castaneda v. Ensign Grp., Inc.*, 229 Cal. App. 4th 1015, 1019 (2014) (quoting *Martinez v. Combs*, 231 P.3d 259, 278 (Cal. 2010)).

For similar reasons as above, Plaintiffs' claims under California Labor Code also fail. Under the first approach, Plaintiffs' conclusory allegations do not provide any factual information to suggest that PWP Defendants exercise control over Plaintiffs' wages. The amended consolidated complaint never alleges that PWP Defendants set Plaintiffs wages, hours, or working conditions. *See Valencia v. N. Star Gas Co.*, 291 F. Supp. 3d 1155, 1160 (S.D. Cal. 2018) (finding that an allegation that an entity "sets and negotiates rates of pay" was conclusory and not sufficient to survive a motion to dismiss).

Under the second approach, Plaintiffs' claims also fail. In order to show that an entity is an "employer" that can "suffer or permit" to work, Plaintiffs must allege that PWP Defendants

6

"kn[ew] that [Plaintiffs were] working in [their] business...while being paid less than the minimum wage, [and] clearly suffer[ed] or permit[ed] that work by failing to prevent it, while having the power to do so." *Martinez*, 231 P.3d at 281. Plaintiffs have alleged none of that here.

Under the third approach, Plaintiffs do not sufficiently plead that they are in a common law employment relationship with PWP Defendants. The test for the third approach is whether is whether the entity is in "control of details," such as "whether the principal has the right to control the manner and means by which the worker accomplishes the work...including (1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship." *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (2007). Again, Plaintiffs have alleged no facts relevant to those factors.

Accordingly, because Plaintiffs have not sufficiently alleged that PWP Defendants are "employers" under the California Labor Code, PWP Defendants' motion to dismiss counts six, seven, and eight is granted.

### IV. Leave to Amend

Plaintiffs seek leave to amend the complaint. Pl. Br. at 16-17. PWP Defendants oppose. Dkt. No. 103 at 9-10. A "district court has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). The Court's Individual Practice in Civil Cases clearly states that "[w]hen a motion to dismiss is filed, the

non-moving party must, within 10 days of receipt of the motion, notify the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it will do so...Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing." Individual Practice in Civil Cases Rule 3(F) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC., 797 F.3d 160, 190 (2d Cir. 2015)). After PWP Defendants filed their motion to dismiss, Plaintiffs did not notify the Court or PWP Defendants that it intended to file an amended pleading, and instead, opposed the motion to dismiss. The defects ruled on here were apparent from the motion to dismiss. Accordingly, Plaintiffs have waived their right to amend, and the Court denies Plaintiffs' request.[2]

## V. Conclusion

For the foregoing reasons, PWP Defendants' motion to dismiss is GRANTED with prejudice. This resolves Dkt. No. 84. The Clerk of Court is respectfully directed to terminate Defendants Perella Weinberg Partners Capital Management LP, Perella Weinberg Partners LP, David Ferguson, John McKee, and Gilbert Baird from the case.

SO ORDERED.

---

[2] The Court also considers Plaintiffs' request, mentioned in a footnote, for leave to correct their omission of Defendant Baird from the amended consolidated complaint. Pl. Br. n.1. Plaintiffs explained that due to a scrivener's error, the paragraph in the amended consolidated complaint containing factual allegations supporting the assertion that Defendant Baird is an "employer" was inadvertently deleted prior to filing. *Id.* However, adding in a whole paragraph would amount to "a significant substantive change rather than a simple fix to an inadvertent scrivener's error," such as correcting spelling errors or adding stray words. *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 2015 WL 1499657, at *8 (S.D.N.Y. Mar. 27, 2015). Accordingly, for the same reasons as discussed above, Plaintiffs' request is denied.

Dated: August 17, 2018
      New York, New York

_____
ALISON J. NATHAN
United States District Judge